May it please the Court, Mark Maynold, CJA Counsel, for Mr. Jones. Mr. Jones is innocent, and we'll get to the evidence that the jury didn't hear, but I want to focus your report on the District Court's improper construction during the closing argument. During the closing argument, when I was arguing a lack of corroboration, Judge Kaplan sustained an objection and then the District Court said that the case at record page 362, and that this case is not about the evidence in the past. Mr. Greenwald, I mean, you're accurate, I think, on the law that a lack of evidence or corroboration is certainly something you can argue, but there are two things that the District Court noted that you said, and the government noted, that I think were beyond that. You said, first, they need to have phone records, otherwise, that's a reasonable doubt. That, and I think you know the law, it's not that they have to have phone records, so I think, you know, you went a little across the line there, and then you also said they should have phone records, which suggests that the government had access to all these and somehow, you know, didn't provide them or didn't put them before the jury, so why wasn't, at least at those junctures, the District Court right to give some type of instruction, say, well, wait a second, that's not exactly right. I believe that the closing statements were couched, hypothetical, if you don't, if they don't have these records. They should have these, but if they don't have these records, and they didn't use the word should, Your Honor, but they only had one phone in the whole case, there were a bunch of phones, there's no evidence in the record they had at all, so what makes, why should they have those phone records? Because there are many evidence. The suggestion is just because the records weren't offered, that they did not exist. That seemed to be the suggestion. The suggestion that they were not offered was, the suggestion was that undermines, there's no corroboration, and therefore, that's a basis for reasonable doubt, which is an accurate statement that the lawyer on phone records exists in the world. But, I mean, if we understood, I read your comment to be suggesting to the jury, if you don't, if they have not been provided to you, they must not exist. That's how I understood it, so I can see why the district court would have thought, the jury might have understood it the way I did, and it seems that's, if the district court thought that maybe, I mean, maybe that's not what you meant to communicate, and I'll grant you that, but if the district court thought that you could be misunderstood to be suggesting a fact not in evidence, meaning the non-existence of these records, then it would be perfectly appropriate for the district court to say, to give the corrective instruction, no? It would be appropriate for the district court to sustain an objection. It would be appropriate for the district court to give a correct statement of the law, but it would not be appropriate, and it's indeed, this court reviews de novo, whether the instruction that the district court gave was a misstatement of the law, and whether it was ever accursed, whether it was prejudiced, and in this case, the evidence still did, and the only argument we were left with without the potentially immunized witness was a lack of corroboration. Therefore, a statement by the district court was heard in closing, and the case wasn't about what the jury did not hear, which, and our request for a curative instruction was denied, and the government only. How is that incorrect? That, because the lack of evidence. That's different from saying it's not about evidence you haven't seen. The question is simply, you've seen a certain quantum of evidence, does it rise to the level of proof beyond reasonable doubt? That's what he said. The lack of evidence would never be seen. You would never see evidence that lacks. Well, I don't know that he's saying that you can't argue a lack of evidence is something, he's saying it's not about evidence you haven't seen, and I took that as a comment on your suggestion that the phone records, in fact, do not and cannot exist, because if they existed, the government would have turned them over. Because if you had turned, if you had produced evidence, or there was evidence presented to the jury, that there is no such thing as these phone records, that would be a probative piece of evidence. But it seemed to me that the court was trying to dispel your suggestion. These things must not exist. And I did not mean to argue that these do not exist. What I was arguing was that they were not presented to the jury, which is a lack of corroboration, a lack of evidence, which is what I was arguing with my hypothetical questions. What about your comment that they need these records to, for you to find their cooperators credible, they need to have these records. Isn't that, along the lines, you know the instruction about the government need no, use no particular investigative technique, so wasn't that an overstatement of the law? That, the word need is inappropriate, Your Honor, and it is overstatement of the law, but it still doesn't mean that the jury can be instructed that they should not look to the lack of evidence. He didn't say that, though. He didn't say you can't look at the lack of evidence. He said it's not about evidence that you haven't seen, meaning you can't argue from evidence that hasn't been put before them. And it sounded like you were arguing that there was nonexistence of records, not failure to present records, but you were arguing that the government's failure to produce records implied that they don't, they must not exist, and it was that, therefore, that was problematic, and that's how I read his curative instruction. Don't go imagining evidence that has not been presented to you, for example, that such records do not exist. But that's not what the district court said, and our request for curative instruction was rejected, and so because of the ambiguity in what the district court said, and the absolute lack of other law that the lack of evidence is a basis for reasonable doubt.  Let me move on just quickly to the shackling, Your Honor. 30 seconds. 30 seconds. Simply, there was not a sufficient record. We understand the need for security in the courtroom, but given that the government had to believe that Mr. Jones could appear without shackles, the only change was the request of the guard with no evidence from the marshals, and no less restrictive means violated the process when Mr. Jones faced this trial in shackles. All right, thank you. All right, we'll hear from the government on those issues. Thank you, Your Honor. The court is absolutely correct that there was error in Defense Counsel's closing argument, that it was appropriate for Judge Kaplan to cure that error in light of the government's objections and the repeated misstatements in the opening and closing argument, and to the extent there was any confusion, which there was not, the final jury charge dispelled any potential confusion and any potential harm from this asserted error. Appellant's concern is that the jury be made to understand that the lack of evidence can be a basis for reasonable doubt, and that is exactly what Judge Kaplan explicitly instructed the jury at page 1268 of the transcript. He explicitly told them that the lack of evidence can be a valid basis for reasonable doubt, and at 1308 of the transcript, he also instructed the jury that the lack of corroboration of a government witness can also be a basis to question their credibility. So not only did he instruct the jury of those undisputed points of law, but Defense Counsel also was given ample leeway and opportunity to argue to the jury the lack of corroboration. That's how the closing started. He continued on that point uninterrupted, and he made those points extensively. It's only when, as Your Honors noted, he crossed over the line to say that the government needed to prove its case in a particular way that it was appropriate to cure that error with a curative instruction. With respect to the shackling? Yeah, do you want to spend 30 seconds on the shackling? Yes, Judge Kaplan amply justified his conclusion the shackling was appropriate, and there was plainly no prejudice, and Appellant has been unable to identify any, given that the shackling was concealed from the jury, and that Judge Kaplan took numerous measures to make sure that the jury would never learn about the shackles. Is it correct in the record that the request, I know that the government initially did not seek the shackling. Mr. Greenwald indicated it was only because the guard requested shackling. Is that in the record? Is that the reason? The government admittedly changed its position after meeting with the guard and getting more facts about the horrific nature of the retaliatory assault, and as Judge Kaplan noted, regardless of whether the government was belated in making the request, the question for the judge was what was necessary to ensure safety in the courtroom, not whether the government should have made the motion sooner. And on the facts before the court, given the danger that Jones presented to the courtroom and the risk of retaliation, it was appropriate to take those safety precautions. Right.